PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2009 Subaru Legacy struck a hole on WV Route 39, locally designated as Turnpike Road, in Swiss, Nicholas County. West Virginia Route 39 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. on May 2,2010. West Virginia Route 39 is a two-lane paved road with one lane of traffic in each direction, and a double yellow lane line in the middle of the road and white edge lines. Claimant, Robert Bokkon, testified that he was driving home from visiting his mother-in-law at the time of the incident, and that his wife and co-Claimant was a passenger in the vehicle. Mr. Bokkon stated that his familiar with the road in question. According to Mr. Bokkon, he was driving east on WV Route 39 on a straightaway when he spotted a dog on the right side of the road. Mr. Bokkon testified that he instinctively swerved his vehicle away from the dog and towards the center of the road, where his vehicle struck a defect in the pavement, approximately eight inches wide by three or four feet long. As a result of this incident, Claimants’ vehicle sustained damage to front driver’s side tire in the amount of $98.58. Mr. Bokkon testified that Claimants’ collision deductible is $500.00, which Respondent accepted as true.
The position of the Respondent is that it did not have actual or constructive notice of the defect in the pavement on WV Route 39 at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on WV Route 39. Since a defect in the pavement three or four feel long and wide enough for a tire located in the center of the road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $98.58.
Award of $98.58.